UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JEROME GRIMES** | **CIVIL ACTION NO. 15-2065** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **DUSTIN JOHNSON, ET AL** | **MAG. JUDGE KAREN L. HAYES** |

### RULING

This is an action brought by *pro se* Plaintiff Jerome Grimes ("Grimes") against Monroe Police Officer Timothy Stephens ("Officer Stephens"). Grimes asserts a claim of false arrest 42 U.S.C. § 1983 and a Louisiana state law claim for defamation.

Pending before the Court is Defendant's Motion for Summary Judgment [Doc. No. 37]. For the following reasons, the motion is GRANTED IN PART and DENIED IN PART. Grimes' § 1983 claims are DISMISSED WITHOUT PREJUDICE, and his defamation claim is DISMISSED WITH PREJUDICE.

**I.  FACTS AND PROCEDURAL HISTORY**

On July 11, 2015, Elizabeth Warshaw ("Warshaw") was traveling in her vehicle on her way home following another vehicle driven by a friend, Dustin Johnson, on Interstate 20. [Doc. No. 37-2, p. 26, Exh. E, Elizabeth Warshaw Affidavit ("Warshaw Affidavit"); *id.* at Exh. F, Dustin Johnson Affidavit ("Johnson Affidavit")]. Warshaw avers that a Chevy Cruz came up very fast behind her and began swerving with its lights flashing on and off. *Id.* Warshaw exited on Garrett Road, and the Chevy Cruz followed her to the Kangaroo Gas Station. *Id.*

According to Warshaw, Johnson, and Barbra Sullivan—a witness pumping gas—the Chevy Cruz attempted to strike Johnson when Johnson exited his vehicle to check on Warshaw. [*Id.* at Exh. G, Barbara Sullivan Affidavit ("Sullivan Affidavit"); Warshaw Affidavit, *id.* at Exh. E; Johnson Affidavit *id.* at Exh. F]. The Chevy Cruz then struck Johnson's vehicle with Johnson's two-year-old daughter inside. *Id.* Warshaw, Johnson, and Sullivan also aver that a male exited the Chevy Cruz and began to attack Johnson in a stabbing motion with a shiny object. [Warshaw Affidavit, *id.* at Exh. E; Sullivan Affidavit *id.* at Exh. G]. The man driving the Chevy Cruz was later identified as Grimes. [*Id.* at Exh. A, Officer Timothy Stephens Affidavit ("Stephens Affidavit")]. Warshaw and Sullivan both called 911 to report the incident. [Warshaw Affidavit, *id.* at Exh. E; Sullivan Affidavit *id.* at Exh. G].

At approximately 10:45 p.m., the Monroe Police Department received emergency calls concerning the incident. Officer Stephens was on patrol and responded to the calls within a few minutes. [Stephens Affidavit, *id.* at Exh. A]. Officer Stephens observed several people in the parking lot of the Kangaroo gas station and personally witnessed an individual later identified as Grimes standing in front of the Kangaroo gas station. *Id.* Officer Stephens avers that Warshaw reported the incident to him and identified Grimes as the individual who had been harassing her. *Id.* Officer Stephens and other Monroe Police Officers observed Grimes looking up towards the sky and "talking about being employed by the CIA and that . . . Warshaw was a covert spy. *Id.* Officer Stephens then approached Grimes and placed him in handcuffs. *Id.*

Officer Stephens interviewed other individuals at the scene who witnessed Grimes' vehicle strike Johnson's vehicle, Grimes' attempt to hit Johnson with his vehicle, and Grimes' attack on Johnson with an object. *Id.* at 2. Officer Stephens also observed scratches to Johnson's neck area and located the scissors identified by the witnesses as the shiny object. *Id.*

Grimes was arrested and charged with Aggravated Battery and Aggravated Assault. He was released from Ouachita Correctional Center ("OCC") on July 13, 2015. However, he failed to appear in court to answer the charges against him. A warrant was issued for his failure to appear, and Affordable Bail Bonds is actively searching for Grimes. [*Id.* at Exh. D, Danny Hester Affidavit ("Hester Affidavit"); Stephens Affidavit, *id.* at Exh. A].

On July 15, 2016, Grimes initiated this action against Defendants Officer Stephens, Johnson, Warshaw and Jane Doe. [Doc. No. 1]. On December 8, 2015, the Court dismissed all Defendants except Officer Stephens for failure to effect service within 120 days. [Doc. No. 12].

On September 8, 2016, Defendant Officer Stephens filed a Motion for Summary Judgment. [Doc. No. 37]. Grimes filed an opposition memorandum [Doc. No. 39].

## II. LAW AND ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Thus, Summary Judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)(citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248(1986)).

**B.   False Arrest Claim**

Grimes appears to challenge the validity of his arrest and any future conviction for aggravated battery and aggravated assault. [Doc. No. 1]. However, Grimes has failed to appear in the Fourth Judicial District Court, Ouachita Parish, State of Louisiana on the above charges. A warrant against Grimes for failure to appear remains outstanding.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a successful civil rights action that would necessarily imply the invalidity of the plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court. *Id.* at 489–91. Here, Grimes has not been convicted of a crime. While the rule in *Heck* does not extend to pending criminal matters, a successful § 1983 false arrest action would necessarily imply the invalidity of any future conviction that might result from the aggravated battery and aggravated assault charges and would, therefore, implicate *Heck*. See *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007).

Accordingly, the Court declines to reach the merits of Grimes' § 1983 claims. To this extent, Officer Stephens' Motion for Summary Judgment is DENIED. The Court will dismiss this action without prejudice to Grimes' ability to bring a § 1983 action upon the final resolution of his criminal case.[1]

### C. Defamation

Grimes also appears to assert that Officer Stephens defamed his character. For a defamation claim, a plaintiff must establish the following necessary elements: (1) a false and defamatory statement concerning another person; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury. *Kennedy v. Sheriff of East Baton Rouge*, 05–1418 (La. 07/10/06), 935 So.2d 669, 674. In Louisiana, privilege is a defense to a defamation action. *Id.* at 682. A conditional or qualified privilege applies if the statement "is made (1) in good faith, (2) on any subject matter of which the person communicating has an interest or in reference to which he has a duty, (3) to a person having a corresponding interest or duty." *Id.*

Determining whether a qualified privilege exists involves a two-step process. *Id.* First, it must be determined whether the attending circumstances of a communication occasion a qualified privilege. *Id.* Second, it must be determined whether the privilege was abused, which requires that the grounds for abuse—malice or lack of good faith—be examined. *Id.* The second step of determining malice or abuse of the privilege is generally a question of fact for the jury unless only one conclusion can be drawn from the evidence. *Id.*

---

[1] The Court notes that it has the authority to stay Grimes' civil case pending the resolution of his criminal case. *See Wallace*, 549 U.S. at 393-94; *see also Mackey v Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). Here, the Court finds that dismissal without prejudice is a more efficient use of resources under the circumstances presented.

The defendant abuses the privilege if he (1) knows the matter to be false or (2) acts in reckless disregard as to its truth or falsity. *Id.* Only those statements made with a high degree of awareness of their probable falsity meet the reckless disregard standard. *Id.* The plaintiff must prove that the publication was deliberately falsified or published despite the publisher's awareness of probable falsity. *Id.* The practical effect of the assertion of the conditional or qualified privilege is to rebut the plaintiff's allegations of fault and to place the burden of proof on the plaintiff to establish abuse of the privilege. *Id.*

Officer Stephens is a police officer who enjoys a qualified privilege. The only alleged defamatory communication by Officer Stephens is a report to the OCC. Any statements that he made pursuant to his duty to notify the OCC of the charges and facts of the crime are privileged. There was no indication that Officer Stephens added any false or injurious statements beyond the facts he relied upon for the showing of probable cause. Therefore, Officer Stephens cannot be liable for such statements properly communicated in performance of his duties. *See Trentecosta v. Beck*, 96–2388 (La.10/21/97), 703 So.2d 552; *see also Kennedy*, 935 So.2d at 674. To this extent, Officer Stephens' Motion for Summary Judgment is GRANTED and Grimes' defamation claim is DISMISSED WITH PREJUDICE.

   **D.**  **Other Possible Claims**

Grimes' claims in his Complaint and opposition to the Motion for Summary Judgment are conclusory in nature and appear fanciful, fantastic, and delusional. Grimes spends much of his opposition to the Motion for Summary Judgment reiterating his unsupported claim that Officer Stephens, Warshaw, and Johnson are part of a covert terrorist conspiracy, but may be attempting to assert additional claims.

When a claim is raised for the first time in response to a summary judgment motion, "the district court should construe that claim as a motion to amend the complaint under Federal Rule of Civil Procedure 15(a)." *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n. 2 (5th Cir. 2008); *Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972). "[A]ny party may amend its pleading only with the opposing party's consent or the court's leave." FED. R. CIV. P. 15(a). "In deciding whether to grant leave to file an amended pleading, the district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

Grimes' civil cover sheet indicates that the nature of his suit is a violation of his civil rights. In his opposition to Defendant's Motion for Summary Judgment, Grimes appears to raise additional claims, but such claims are made either against non-state actors or without sufficient evidentiary facts to raise a constitutional claim. Therefore, for these reasons, the Court declines to grant Grimes leave to file an amended complaint under the circumstances as such amendment would be futile.

### III. CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment [Doc. No. 37] is GRANTED IN PART and DENIED IN PART. To the extent Defendant Officer Stephens moves for summary judgment on Grimes' defamation claim under Louisiana law, his motion is GRANTED, and that claim is DISMISSED WITH PREJUDICE. To the extent that Officer Stephens moved for summary judgment on Grimes' § 1983 claims, the motion is DENIED. However, Grimes' § 1983 claims are DISMISSED WITHOUT PREJUDICE pursuant to *Wallace v. Kato*.

MONROE, LOUISIANA, this 22nd day of November, 2016.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE